JS 44 (Rev. 08) **MAK**

**CIVIL COVER SHEET**

17-cv-2280

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17   2280

### I. (a) PLAINTIFFS

Eric Chesko

**DEFENDANTS**

The Standard Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Bucks, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Multnomah, OR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mary LeMieux-Fillery, Esq.
1818 Market Street, 35th Floor, Philadelphia, PA 19103

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine   Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of   Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
  Proceeding
- ☐ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C § 1001 et seq.

Brief description of cause:
Plaintiff claims long term disability under an employment welfare benefit plan governed by ERISA

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   **MAY 12 2017**

SIGNATURE OF ATTORNEY OF RECORD   *Mary LeMieux-Fillery*   Mary LeMieux-Fillery, Esq.

**MAY 17 2017**

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**MAK**   **UNITED STATES DISTRICT COURT**   17   2280

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2238 Highland Ave, Morton, PA 19070

Address of Defendant: 900 SW Fifth Avenue, Portland, OR 97204-1235

Place of Accident, Incident or Transaction: Bucks, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Mary LeMieux-Fillery, Esq. _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 05/12/17 _____   Mary LeMieux-Fillery, Esq. - Attorney-at-Law   312785
Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY 17 2017

DATE: 05/12/17 _____   Mary LeMieux-Fillery, Esq. - Attorney-at-Law   312785
Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Eric Chesko<br>2238 Highland Ave.<br>Morton, PA 19070    v. | : <br> : <br> : | CIVIL ACTION |
| Th Standard Insurance Company<br>900 SW Fifth Ave,<br>Portland, OR 97204-1235 | : | **17    2280**<br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x )

| | | |
|---|---|---|
|   05/12/17 | _Mary L. LeMieux-Fillery_ | Eric Chesko |
| **Date** | **Mary LeMieux-Fillery, Attorney-at-law** | **Plaintiff** |
|   (215) 587-8400 |   (267) 765-2031 | LTDTeam@paworkinjury.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 17 2017

# MARTIN LAW

## THE LAW FIRM FOR WORKERS

» Workers' Compensation  » Social Security Disability  » Long-Term Disability  » Veterans' Benefits

──────────────── LAW OFFICES ────────────────

MARTIN | WILSON | HUTTEMANN | CARLSON | DOGUM | SHAH

*All partners are Certified Workers' Compensation Specialists by the PA Bar Association's section on workers' compensation law as authorized by the PA Supreme Court.*

17   2280

May 12, 2017

Office of the Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

      RE:    Eric Chesko v. The Standard Insurance Company

Dear Clerk of Court:

We represent Plaintiff Eric Chesko in the above-referenced matter. Enclosed please find the following for filing:

- Complaint,
- Civil Cover Sheet,
- Summons,
- Case Management Form,
- Case Designation Form
- Check No. 7216 - $400 Filing Fee

If you have any questions or concerns, please feel free to contact me.

          Sincerely,
          MARTIN LAW

          Mary LeMieux-Fillery, Esq.
          Attorney for Plaintiff, Eric Chesko

MLF/jr                       MAY 17 2017





### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC CHESKO** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO.** 17 2280 |
| **v.** | : | |
| | : | |
| **THE STANDARD** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant.** | : | |

### CIVIL ACTION COMPLAINT

Plaintiff, Eric Chesko, by and through his attorney, MARY LEMIEUX-FILLERY, as and for his Complaint against Defendant the STANDARD INSURANCE COMPANY hereby sets forth the following:

### PARTIES

1.      Plaintiff, Eric Chesko (hereinafter "Plaintiff") was and still is a citizen and resident of the state of Pennsylvania residing at 2238 Highland Avenue, Morton, PA 19070.

2.      Defendant, the Standard Insurance Company (hereinafter "Defendant") is incorporated in the state of Oregon, with its principal place of business located at 1100 SW 6th Avenue, Portland, Oregon, 97204.

### JURISDICTION

3.      Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6.      Plaintiff is a 49-year-old male with a date of birth of August 6, 1967.

7.      Plaintiff was employed by Wexler Packaging Products, Inc. as a service supervisor prior to filing for LTD insurance benefits. This was a medium exertional level occupation.

8.      Plaintiff stopped working on March 22, 2014, due to symptoms and resulting impairment stemming from a cervical herniated disc, lower back pain with radiculopathy into his right lower extremity and upper extremity limitation caused in part by carpal tunnel syndrome. He had previously undergone two lumbar surgeries and a cervical fusion.

9.      Plaintiff has significant surgical history and objective evidence including diagnostic and clinical evidence that corroborates his inability to perform full-time work.

10.      Plaintiff became eligible for LTD insurance benefits on June 20, 2014.

11.      During Plaintiff's employment with Defendant, Defendant issued a long-term group disability income policy, (hereinafter the "the LTD Policy").

12.      During his employment with Wexler Packaging Products, Inc. Plaintiff was a participant and/or beneficiary under Defendant's LTD Policy.

2

13.     Defendant approved Plaintiff's claim for LTD benefits and paid benefits from the period of June 20, 2014, through June 19, 2016, as it was determined that Plaintiff was unable to perform the essential duties of his own occupation during this time.

14.     From November 10, 2014, through March 2015, Plaintiff returned to sedentary work on a part-time basis, three days per week.

15.     On March 5, 2015, Defendant's claim file indicates that Plaintiff "resigned due to personal reasons."

16.     Plaintiff has not returned to work since March of 2015.

17.     During video testimony which was provided to Defendant on appeal, Plaintiff advised that his personal reasons for resigning included, increased pain, poor job performance due to his physical impairments and scrutiny from his supervisor due to his inability to meet expectations due to his physical impairments.

18.     On July 16, 2015, Defendant's reviewing doctor Dr. Semble conducted a file review of Plaintiff's file and concluded that as of April 9, 2015, Plaintiff would be able to lift 20 pounds occasionally and ten pounds frequently; could frequently stand and walk and had no limitations in the use of his hands for reaching, grasping, handling, fingering or pinching.

19.     On March 27, 2016, Dr. Semble conducted a file review of Plaintiff's file and concluded that, "Plaintiff appears to have degenerated since the last review. His condition appears to be ongoing and does not show substantial improvement or regression." Based on these findings Dr. Semble then opined that Plaintiff was capable of full time work with the following limitations and restrictions: lifting ten pounds occasionally; frequent sitting; occasionally standing and walking, and no limitation in use of the hands for reaching, grasping, handling, fingering or pinching.

3

20.     On April 21, 2016, Defendant denied Plaintiff's appeal and confirmed closure of his LTD claim effective June 19, 2016, concluding that he could perform full time work in a sedentary occupation.

21.     Plaintiff applied for Social Security Disability benefits on March 15, 2016. He is currently awaiting his case to be scheduled for a hearing.

22.     On August 2, 2016, through August 3, 2016, Plaintiff attended a two-day Functional Capacity Evaluation ("FCE") which concluded that Plaintiff's full time work tolerance was at the sedentary level for six hours and 30 minutes per day, which excluded mandatory rest breaks and included unscheduled rest breaks. It was noted in the exam findings that he complained of increased symptomology and difficulty performing tasks on the second day of the exam as compared to day one.

23.     On September 9, 2016, Dr. Prawak completed a Physical Residual Functional Capacity Questionnaire where she opined that Plaintiff's prognosis was poor; that he was currently taking Percocet that could cause sedation; that his pain and symptoms would frequently interfere with attention and concentration; that he would need to take at minimum a twenty minute unscheduled break every hour and that he would miss more than four days of work per month due to his impairments or treatment.

24.     On October 5, 2016, Dr. Valentino conducted an Independent Medical Exam ("IME") of Plaintiff. Dr. Valentino opined within a reasonable degree of medical certainty that Plaintiff had been disabled since March of 2015, his disability continued and was permeant in nature. Dr. Valentino further opined that Plaintiff could not function in any reasonable type of gainful employment given his multiple diagnostic symptoms and objective findings which interfere with activities of daily living.

25.     On October 7, 2016, Dr. Prawak, completed interrogatories where she opined that Plaintiff was unable to return to any work on a safe, repeatable and consistent level; that his degree of productivity and work tolerance would continue to degrade over consecutive days/weeks to the point where he would be unlikely to perform in a repeatable manner; and in particular, Plaintiff would not be able to consistently and reliably perform the physical work duties of a service clerk, customer complaint clerk, supervisor and order taker. Dr. Prawak opined within a reasonable degree of medical certainty that Plaintiff was restricted in using the bilateral upper extremities with respect to reaching, handling and fingering, for any repetitive use.

26.     On October 12, 2016, Plaintiff submitted an appeal of Defendant's denial of his continued LTD benefits.

27.     On November 19, 2016, Dr. Simon completed interrogatories where he concurred with Dr. Prawak's opinions and additionally opined that Plaintiff was restricted in using the bilateral upper extremities with respect to reaching, handling and fingering, for any repetitive reaching, lifting over ten pounds and overhead activity.

28.     Per the LTD policy "Disability" means: that you are prevented by disease or injury from performing, with reasonable continuity, the material duties of your own occupation and you suffer a loss of at least 20% in your indexed pre-disability earnings when working in your own occupation during the first 24 months of any one period of disability.

29.     After 24 months of payment, you must be "so prevented from performing *one or more of the material duties of any occupation*." "Any Occupation" is defined by the LTD policy as "… the inability to perform, with reasonable continuity, the material duties of any occupation

for which you are qualified by education, training or experience, as a result of physical disease or injury.

30.     Material duties means the essential tasks, functions, operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted.

31.     On March 1, 2017, Defendant approved Plaintiff's LTD claim from the time period of November 4, 2016, through November 26, 2016, based on a carpal tunnel surgery date of November 7, 2016, with a subsequent three-week recovery period. LTD benefits for the remainder of the period from June 19, 2016, forward, remained denied.

32.     Defendant's LTD Policy is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

33.     Defendant made and/or participated in making all benefits decisions under the LTD Policy.

34.     Said LTD Policy was issued for the benefit of certain eligible employees in exchange for the payment of premiums by Defendant and/or its employees.

35.     Said LTD Policy provided, among other things, that LTD disability insurance benefit payments will be made to Plaintiff as long as he continued to meet the definition of disability as contained in the LTD policy.

36.     The maximum duration of the Defendant's LTD policy was until Plaintiff reached Social Security Normal Retirement Age.

37.     Plaintiff was paid approximately $16,573.75 in LTD benefits in 2014, and $33,767.65 in 2015, prior to any offsets.

38.     Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of his LTD claim, and otherwise complied with the LTD policy terms and conditions regarding the filing and maintenance of the claim.

39.     Pursuant to the LTD Policy, Defendant was obligated to continue the periodic payment of monthly LTD and benefits to Plaintiff past June 19, 2016.

40.     Despite Plaintiff's continued total disability, Defendant has denied all LTD insurance benefit payments to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

41.     Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's and Group Life's terms and conditions.

42.     Plaintiff's treating physicians consistently opined through treatment notes, Defendant's disability claim forms, Plaintiff's residual functional capacity forms, interrogatories, and an IME, that Plaintiff has been unable to work since June 19, 2016, due to his disabling conditions.

43.     Plaintiff's treating physicians' opinions are consistent with the evidence of record.

44.     Defendant based their denial on their independent file reviewing doctor, Dr. Semble, and a vocational skills analysis. Defendant found that Plaintiff was able to perform a full time sedentary occupation after June 19, 2016, except for the time period of November 4, 2016, through November 25, 2016.

45.     Defendant's file reviewing doctor's opinions is in clear contradiction to Plaintiff's treating physicians, opinions and the evidence of record.

46.     Defendant afforded little weight to the opinions of Plaintiff's treating physicians in denying his claim for LTD benefits.

47.     Defendant's denial of Plaintiff's LTD disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

48.     Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is evidenced, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the refusal to consider Plaintiff's credible subjective complaints about his inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

49.     Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

50.     Defendant's claim handling failed to provide Plaintiff with a full and fair review of his claim.

51.     Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of his claim.

52.     Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

53.     By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim. 29 C.F.R. § 2560.503(1).

54.     Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

55.     Defendant willfully failed to comply with ERISA regulations.

56.     Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

57.     Plaintiff is entitled to receive the total benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

58.     Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, interest, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff Eric Chesko demands judgment in his favor and against Defendant together for:

A.     Payment of all benefits in arrears due and owing since the denial of LTD benefits, plus interest;

B.     The total benefits due under the LTD plan discounted to present value;

D.     Attorney's fees and costs of suit;

E.     Interest, delay damages; and,

F.     Any other further relief this Court deems just, proper and equitable.

By: _____
Mary LeMieux-Fillery, Esq.
Attorney I.D. No. 312785
MARTIN LAW
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400

Attorney for Plaintiff

Date: <u>May 13, 2017</u>